UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL BROWN,<br><br>                    Plaintiff,<br><br>v.<br><br>SGT. DOBLER; CORIZON MEDICAL;<br>SGT. SEGADELLI; IDAHO<br>DEPARTMENT OF CORRETION;<br>CPL STELZER; WARDEN BLADES;<br>GRIEVANCE COORDINATOR<br>HALLUM; and DEPUTY WARDEN<br>KENNETH BENNETT,<br><br>                    Defendants. | Case No. 1:15-cv-00132-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Plaintiff Michael Brown, a prisoner in the custody of the Idaho Department of Correction (IDOC), is proceeding pro se and in forma pauperis in this civil rights action. Pending before the Court is Plaintiff's Motion to Compel Discovery. (Dkt. 57.) Plaintiff notified Defendants of his intent to file his motion to compel prior to filing his motion, and did not receive a response from Defendants. Plaintiff then filed his motion on November 20, 2015, and Defendants failed to respond.

MEMORANDUM DECISION AND ORDER  - 1

Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter this Court will decide the motion on the record without oral argument. D. Idaho L. R. 7.1. The Court concludes that the vast majority of the discovery sought by Plaintiff in the Motion to Compel is relevant and will order Defendants to respond to that discovery within 30 days of the date of this Order.

## BACKGROUND

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), currently incarcerated at the Idaho State Correctional Center (ISCC). Plaintiff claims that, in August of 2014, he was threatened by other ISCC inmates. Plaintiff informed Defendant Sergeant Dobler of these threats, but Dobler replied, "You are paranoid and making it up . . . stop wasting my time." (Compl., Dkt. 3-1, ¶¶ 157-61.) Several days later, Plaintiff was attacked and knocked unconscious by another inmate.

After the attack, Plaintiff was examined by an unidentified nurse, who took Plaintiff's vital signs and gave Plaintiff ibuprofen for pain. Plaintiff asked the nurse to order an x-ray, but the nurse stated, "You don't need an x-ray, there is nothing we can do to help your face. I can tell that there is nothing broke in your face that you will be okay." (*Id*. ¶ 164 (verbatim).) However, Plaintiff later did receive an x-ray. (*Id*. ¶ 168.)

Plaintiff received a Disciplinary Offense Report ("DOR") for the incident, even though he did not fight back against the inmate who attacked him. This DOR was later dismissed. (*Id*. ¶¶ 166, 168.)

**MEMORANDUM DECISION AND ORDER - 2**

Approximately two weeks after the incident, a non-defendant correctional officer tried to move Plaintiff back to the same tier on which he was assaulted. Plaintiff refused, because he was afraid, and he then received another DOR for disobeying orders. (*Id*. ¶ 169.) Plaintiff was later found guilty of this DOR, but he did not appeal because he was scared of retaliation. In September of 2014, Defendant Dobler placed Plaintiff back on that same tier. (*Id*. ¶¶ 173-74.) Two days later, Plaintiff was moved to a different tier, but was again threatened. Plaintiff was then placed in isolation due to the danger he faced in general population. After a brief stint in another prison, Plaintiff was placed in an ISCC "close custody" unit known as Unit E1. Plaintiff claims that this unit was double-celled, notwithstanding a previous court order requiring single-celling. Plaintiff alleges that ISCC staff members "started retaliating against Plaintiff." (*Id*. ¶ 181.)

Plaintiff was considering filing a civil lawsuit, potentially with the aid of the ACLU, against prison officials and prison medical staff. Plaintiff claims that he learned from Defendants Corporal Stelzer and Sergeant Segadelli that IDOC and ISCC administrators had instructed Stelzer and Segadelli to "retaliate" against Plaintiff for considering such a lawsuit. (*Id*. ¶ 185.) In February of 2015, unidentified administrators allegedly locked down half of Plaintiff's close custody unit and commanded the inmates "not to speak to each other regarding grievances, tort claims, or [the] A.C.L.U. lawsuit." (*Id*. ¶ 186.)

The next day, Defendant Segadelli held a unit meeting with the inmates and stated: "So you want to complain? Well I gave you life and I can take it away, Admin gave me permission to send any of you, anywhere I decide to." Defendant Stelzer, who was at the

**MEMORANDUM DECISION AND ORDER  - 3**

meeting also, said that he "would pull the . . . protective custody status[] of any E1 inmate that 'complains' again." (*Id.* ¶ 187.) Stelzer continued, "I will put you [Plaintiff] back out where you got smashed out and you'll get smashed out again, then I'll Ad-seg you for the rest of your incarceration." (*Id.*) Plaintiff claims that these threats caused other inmates, who were considering joining with Plaintiff in pursuing civil rights litigation, to decide not to do so.

Plaintiff claims also that Defendant Grievance Coordinator Hallum stole a grievance that Plaintiff filed in September 2014. Plaintiff claims that Hallum tried to cover up this "obvious theft and destruction" of the grievance by "falsely claim[ing] negligence." (*Id.* ¶ 190.) With respect to another grievance filed by Plaintiff, Defendant Segadelli allegedly "lied to cover up the truth of relevant events" when responding to the grievance, and Defendant Deputy Warden Kenneth Bennett allegedly lied also when he acted as the Level 2 responder on the grievance. (*Id.* ¶¶ 192-93.)

Plaintiff named, as defendants in this case, Sergeant Dobler, Sergeant Segadelli, Grievance Coordinator Hallum, Deputy Warden Bennett, and Warden Blades, as well as Corizon, the private entity providing medical treatment to Idaho state inmates under contract with the IDOC. The Court's initial review order limited Plaintiff to proceeding against Defendants Segadelli and Stelzer on his claims for retaliation for engaging in protected activity, and against Defendant Dobler on his claim under the Eighth Amendment for failure to protect from harm. Additionally, the Court permitted Plaintiff to proceed against Warden Blades for injunctive relief on the failure to protect claim,

**MEMORANDUM DECISION AND ORDER  - 4**

because Warden Blades appears to have direct responsibility over the area in which

Plaintiff seeks relief.

## DISCUSSION

1.    **Discovery Standards[1]**

Federal Rule of Civil Procedure 26(b) allows parties to obtain discovery

"regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case, considering the importance of the issues at stake in

the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit.

Information within this scope of discovery need not be admissible in evidence to be

discoverable." Fed. R. Civ. P. 26(b)(1).

"On motion or on its own, the court must limit the frequency or extent of

discovery otherwise allowed by these rules or by local rule if it determines that … the

proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

26(b)(2)(C)(iii).

Evidence is relevant if it has "any tendency to make a fact more or less probable

than it would be without the evidence; and the fact is of consequence in determining the

action." Fed. R. Evid. 401. However, district courts are given broad discretion to apply

discovery rules to properly effect the policy of the Federal Rules of Civil Procedure;

---

[1] The Federal Rules of Civil Procedure, particularly the rules regarding discovery, were amended effective
December 1, 2015. Although Plaintiff filed his motion prior to the effective date of the amendments, the Court cites
the rules in effect as of December 1, 2015, as the amended rules now govern this matter.

**MEMORANDUM DECISION AND ORDER  - 5**

namely, the rules "should be construed, administered, and employed by the court and <u>the parties</u> to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. (Emphasis added).

If an answering party fails to adequately respond to discovery requests or fails to make a disclosure required by Fed. R. Civ. P. 26(a), the propounding party can move for an order compelling discovery under Fed. R. Civ. P. 37(a). Generally, a court should deny a motion to compel only if the information requested falls outside the scope of discovery. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992); *cert. denied*, 508 U.S. 908 (1993). In other words, a motion to compel "should be granted if the questions are relevant and proper…." Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2286 (1994).

## 2.    Initial Disclosures

Plaintiff first asserts that Defendants served their initial disclosures late, and that Defendants failed to adequately compile their initial disclosures. Plaintiff contends initial disclosures were due on or before October 9, 2015, but he did not receive Defendants' initial disclosures until November 16, 2015, and they served Plaintiff with only Plaintiff's own DOR's. Plaintiff contends Defendants are in contempt of court.

Fed. R. Civ. P. 26(a) governs initial disclosures required by the parties without awaiting a discovery request. The Court on September 9, 2015, ordered the parties to produce initial disclosures within thirty days---October 9, 2015. Here, although late, Defendants tardily made their disclosures. The Court therefore cannot grant Plaintiff's

motion to compel, as Rule 37(a)(3)(A) provides only that the Court may order compelling an answer if a party fails to make a disclosure required by Rule 26(a).

The Court does not, however, condone Defendants' failure to abide by this Court's order, and future failures in that regard may subject Defendants to sanctions, especially if Defendants' tardiness results in prejudice to Plaintiff which prevents him from pursuing the claims the Court has allowed to proceed. In addition, the Court reminds Defendants that they are under an obligation to supplement their disclosures as required by Rule 26(a).

**3.     Discovery Requests**

Plaintiff propounded two sets of discovery---Plaintiff's First Set of Interrogatories and Requests for Production, and a Second set of Interrogatories and Requests for Production. Upon review, Defendants' responses to Plaintiff's discovery requests are inadequate.

For the most part, it appears Defendants utterly failed to answer any question, and instead simply cut and pasted the same or a similar objection in response to each request. Most answers consist of the following response, or some permutation of it:

> Defendants objects [sic] to the request as phrased, as the same seeks matters that are subject to attorney-client privilege, attorney work product privilege, and the privileges afforded under Rule 26(b)(3). Defendants further object to this Request as it is overbroad, irrelevant, and seeks to obtain information that is sensitive and confidential in order to promote the secure and orderly operation of a prison and protect IDPC staff members and prisoners. Defendants further object to this Request because a prisoner has no right to inspect or review records pertaining to himself or other prisoners maintained by the IDOC.[2]

---

[2] This objection was stated in various forms in response to every one of Plaintiff's requests for production.

**MEMORANDUM DECISION AND ORDER  - 7**

Despite objecting on the grounds of privilege, Defendants shirked their obligation under Fed. R. Civ. P. 26(b)(5), as the Court has not been made aware of any privilege log produced to Plaintiff that identifies the documents withheld.

The Court declines to engage in deciphering each objection to the interrogatories and requests for production. However, the Court will attempt to provide Defendants with some guidance. Interrogatory Nos. 1 and 2, for example, ask where the Defendants have been employed as a unit sergeant, and what units they were responsible for. Defendants objected because Plaintiff did not identify which Defendant the interrogatory was directed toward, and because Plaintiff asked for "confidential information." First, Defendants can assume Plaintiff requested the information as to each Defendant. Defendants should then construe the discovery requests within the broad scope of discovery, and in the context of the specific claims at issue, and then respond to the discovery request to the extent Defendants are able to without disclosing confidential information. If confidential information is potentially relevant, Defendants are obligated by the Rules of Civil Procedure to compile a privilege log.

The Court concludes that the majority of Plaintiff's requests are relevant to his claims and are therefore discoverable. For example, Plaintiff seeks information as to which units the Defendants supervised during the time periods mentioned in the Complaint (August of 2014 and February of 2015); whether Defendants were on Unit E1 at ISCC during the February 11, 2015 lockdown; how many sex offenders have been involved in physical altercations; and documents, files, logs, and records relating to the

**MEMORANDUM DECISION AND ORDER  - 8**

August 22, 2014 assault.[3] Given that Plaintiff was subject to an assault while Defendants were on duty, and that Defendants were allegedly responsible for a later lockdown due to prisoner complaints, Plaintiffs' requests for information and records relating to the incidents are relevant, as is information that the administrators were aware of inmate on inmate attacks perpetrated against sex offenders.

Put simply, Defendants have not adequately justified their failure to answer the discovery requests at issue. If the information sought is subject to one or more claims of privilege, a privilege log must be compiled and produced. If the information is relevant, and not privileged but confidential, Defendants may submit a protective order to the Court for consideration. And finally, the Court is more than willing to entertain an in camera review of the documents and records Defendants have refused to produce, but which appear to exist based upon their objections. Accordingly, Plaintiff's motion to compel will be granted in part.

## 4.        Limitations on Discovery

The Court does note that some of Plaintiff's requests are overly broad, and it will not require Defendants to answer interrogatories or to produce documents seeking clearly irrelevant information or information outside a reasonable period of time. For example, Plaintiff seeks "all documents, files, logs, records, incident reports and information …in Plaintiff Brown's entire mental health record, mental health file both on prison

---

[3] Defendants objected to producing the documents, files, logs, records, video recordings, incident reports and communications relating to the August 22, 2014 assault as "privileged," but again, failed to provide a privilege log. The Court finds those records would be particularly relevant. If Defendants require a protective order, they have failed to present one to the Court, nor have they indicated that a privilege log was produced to Plaintiff. Defendants' objections are not well taken.

**MEMORANDUM DECISION AND ORDER  - 9**

compounds and off prison compounds from July 23, 2009 until September 10, 2015. This is properly limited as to any mental health treatment Plaintiff might have received as a result of the incidents in August of 2014, and February of 2015, which are the subject of Plaintiff's complaint.

As another example, Plaintiff frequently asks Defendants whether they have been investigated for misconduct, and Plaintiff seeks production of Defendants' personnel files. These requests are much too broad, and responses thereto may be limited to situations regarding Plaintiff's specific claims. For example, if a Defendant had been investigated for his or her conduct in relation to another inmate's complaint about a failure to protect or retaliation claim within one year before Plaintiff's incident, then that investigation might well be relevant. However, any disciplinary actions or investigations against any of the Defendants that do not relate to any of Plaintiff's current claims are not relevant and are subject to an appropriate objection on that basis.

## CONCLUSION

The examples given by the Court above regarding appropriate limitations on Plaintiff's discovery requests are just that---examples. Defendants must use their judgment in determining whether a particular request falls within the Court's limitations or must be answered in its entirety, but that judgment should be exercised carefully and thoughtfully.

Defendants may properly limit their responses in accordance with this Order. Objections based on anything other than privilege or scope of the request (as to time or relevance to Plaintiff's specific claims) must be accompanied by an actual response.

**MEMORANDUM DECISION AND ORDER  - 10**

Defendants are advised to review Fed. R. Civ. P. 34(b), effective December 1, 2015, which requires the objecting party to state whether responsive materials are being withheld on the basis of the objection, and permit inspection of any other documents not subject to an objection.

Thus, Defendants may preserve their objections without further delaying this case. Defendants may respond to an overly broad request with information or documents that are relevant to Plaintiffs' claims and limited to one year before Plaintiff's claims arose, and Defendants may object to the extent the request seeks information not allowed by this Order.

The parties are reminded that discovery abuses may result in sanctions, up to and including dismissal or default judgment.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1.      Plaintiff's Motion to Compel Discovery (Dkt. 48) is **GRANTED IN PART and DENIED IN PART** to the extent set forth in this Order. Defendants must respond to all of the discovery attached to Plaintiff's Motion to Compel within 30 days after entry of this Order.

2.      Any response to an interrogatory or request for production of documents may be limited to events occurring within one year prior to the incident giving rise to Plaintiff's retaliation and Eighth Amendment claims.

3.      Any response to an interrogatory or request for production of documents that is open-ended as to its scope, such as an interrogatory requesting information on previous misconduct complaints or investigations, may be limited to events relevant to the claims or defenses at issue in this case.

4.      Any interrogatory or request for production of documents that does not identify a specific defendant must be answered as to each named Defendant (Segadelli, Stelzer, and Dobler).

5.      Defendants may limit their responses as allowed by this Order by including objections to requests *outside the scope of the claims* at issue in this case or *outside the one-year period*. Defendants may preserve objections other than those based on privilege or specific relevance as to claims or time period, but the requested information must be disclosed along with the objection.

**MEMORANDUM DECISION AND ORDER  - 12**

6.     If any information is deemed privileged, Defendants must produce a

privilege log as required by Fed. R. Civ. P. 26(b)(5).

Dated: **December 29, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER  - 13**